UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

BENJAMIN BLAIR,

       Plaintiff

v.

FORSTER & GARBUS,

       Defendant

---------------------------------------------------------x

COMPLAINT

Civil Action No.:

Judge:

09 CIV. 2407

JUDGE KARAS

## INTRODUCTION

1. This is an action for damages, declaratory judgment, and relief brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and New York General Business Law § 349 (hereinafter "NYGBL § 349").

2. Plaintiff brings suit based on the unfair, abusive and deceptive practices employed by Defendant in its attempt to collect an alleged debt from Plaintiff.

## JURISDICTION AND VENUE

3. The Court's jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §1337.

4. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

6. Venue in this District is proper in that Defendant transacts business in the District, Plaintiff resides in this District and the conduct complained of occurred in the District.

## PARTIES

7. Plaintiff, Benjamin Blair (hereinafter "Mr. Blair") is a natural person who resides in White Plains,

New York.

8. Plaintiff is a consumer as defined in the FDCPA § 1692a(3).

9. Defendant Forster & Garbus (hereinafter "F&G") principal purpose is the collection of debts and Defendant F&G regularly attempts to collect debts alleged to be due another.

10. Defendant F&G is a debt collector as defined in the FDCPA §1692a(6).

## FACTS

11. Plaintiff has resided at 20 North Broadway, Apt. E120, White Plains, New York, since 2001.

12. On or about April 19, 2008, Plaintiff was contacted by his mother, Irene E. Blair, to inform him that a Summons and Complaint had been left in her lobby a day or two earlier at 28 Manchester Road, Apt. #1, Eastchester, New York 10709, an address that Plaintiff had not resided at since approximately 2000.

13. On or about April 20, 2008, Plaintiff obtained a copy of the partially illegible Summons and Complaint. Said Complaint, titled <u>Discover Bank v. Benjamin Blair</u>, Index No. 5592/08, filed in Supreme Court, New York State, County of Westchester, (hereinafter the "State Action") alleged certain credit card debt and monies owed by Mr. Blair to Discover Bank.

14. Counsel for Discover Bank in the State Action is Forster & Garbus, the named Defendant herein.

15. Shortly after Plaintiff obtained a copy of the Summons and Complaint in the State Action, he retained as counsel the law offices of Schlanger & Schlanger, LLP.

16. Counsel for Plaintiff attempted to call Defendant F&G on May 16, 2008, and after failing to reach Defendant F&G, Plaintiff's counsel notified Defendant by fax and mail that Plaintiff had retained counsel, that Plaintiff had not been properly served, and that Plaintiff did not have a legible set of pleadings.

17. That same letter requested that "the attorney of record for [Discover Bank] contact my office regarding this matter and, in particular, regarding adjournment of the answer date and provision to this office of a legible set of pleadings" and further noted "Obviously, given the circumstances, any attempt to enter a default judgment against Mr. Blair would be inappropriate".

18. On May 21, 2008, having not heard back from Forster & Garbus, and concerned that a default judgment would be entered against Mr. Blair at any time, Mr. Schlanger made a Motion to Compel Plaintiff to Accept Defendant's Answer and Counterclaims before the court in the State Action.

19. Approximately three weeks after receiving service of said Motion, and while said Motion was pending before the Court, Plaintiff in the State Action obtained a default judgment against Mr. Blair on June 9, 2008.

20. Defendant F&G obtained this default judgment despite the fact that F&G was on notice that Plaintiff was improperly served with the Summons and Complaint in the underlying State Action, and the fact that Mr. Blair's motion regarding this issue was pending before the State Court.

21. Defendant F&G in the instant federal litigation is not a party in the underlying State Action, which is ongoing, but which has been removed to White Plains City Court.

22. At the time Defendant F&G commenced the State Court action against Mr. Blair and at all times during its prosecution of that lawsuit (in Westchester Supreme Court and in White Plains City Court), the debt has been time barred pursuant to the terms of the contract itself and pursuant to CPLR § 202.

23. At all times and with regard to each of the factual and legal allegations made in this Complaint, upon information and belief, Defendant F&G acted willfully, knowingly and in bad faith.

24. As a result of Defendant F&G's actions, Plaintiff has suffered pecuniary and non-pecuniary harm.

## FIRST CAUSE OF ACTION
### The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA")

25. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

26. By undertaking the above referenced collection activities Defendant F&G repeatedly violated the 15 U.S.C. 1692 *et seq*.

27. Specifically and without limitation: Defendant F&G has violated the FDCPA by:

   a. serving Mr. Blair at an address that it knew or should have known he did not live, in violation of 15 U.S.C. §1692 *et seq*, including but not limited to violation of §§1692e, 1692e(2), 1692d and 1692f.

   b. by misstating the amount of the debt; collecting, threatening and/or attempting to collect on amounts that Plaintiff does not owe, and collecting, threatening and/or attempting to collect on amounts not expressly authorized by the agreement creating the debt or permitted by law, all in violation of 15 U.S.C.§1692 *et seq*, including but not limited to violation of §§1692e, 1692e(2)(A), 1692e(5), 1692f, and 1692f(1), and 1692d.

   c. by collecting, threatening and/or attempting to collect on a time-barred debt, whose statute of limitations had clearly already run, in violation of §§ 1692e, 1692e(2)(A), 1692e(5), 1692f, 1692f(1).

   d. by filing a default judgment or failing to withdraw a motion for default where Defendant F&G knew that its Complaint in the state court action had been opposed, that Mr. Blair was represented, and that the matter was pending before the State Court. §§ 1692e, 1692e(2)(A), 1692e(5), 1692f, 1692f(1), 1692d.

28. As a result of these violations of the FDCPA, Plaintiff has suffered pecuniary and non-pecuniary

harm.

## SECOND CAUSE OF ACTION
## NYGBL § 349 (Deceptive Acts and Practices Unlawful)

29. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

30. Each of the deceptive acts and practices set forth above, including but not limited to each deceptive act and practice set forth in the First Cause of Action was committed in the conduct of business, trade, commerce or the furnishing of a service in this state and constituted a violation of §349 independent of whether it also constituted a violation of any other law.

31. Each of these actions was consumer oriented.

32. Each of these actions involved a material misrepresentation which caused Mr. Blair harm.

33. As a result of these violations of NYGBL §349, Plaintiff has suffered pecuniary and non-pecuniary harm.


**WHEREFORE** plaintiff respectfully requests this Court to:

a. On the FIRST CAUSE OF ACTION (FDCPA), Declaratory Judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692 k;

b. On the SECOND CAUSE OF ACTION (NYGBL §349), actual damages, three times the actual damages up to $1000, costs and reasonable attorneys fees pursuant to NYGBL §349(h).

c.  Award such other and further relief as law or equity may provide.


Respectfully Submitted,

*[signature]*

Daniel A. Schlanger, Esq.
Schlanger & Schlanger, LLP
1025 Westchester Ave., Suite 108
White Plains, NY 10604
Ph: 914-946-1981
Fix: 914-946-2930
daniel@schlangerlegal.com